1
2
3
4
5                         **UNITED STATES DISTRICT COURT**
6                                **DISTRICT OF NEVADA**
7
8   FLOODY P. RIVERA,                           2:12-CV-629 JCM (RJJ)
9              Plaintiff,
10  v.
11  NATIONAL DEFAULT SERVICING
12  CORPORATION, et al.,
13             Defendants.
14
15                                          **ORDER**

16   Presently before the court is defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion

17 to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. #13). Defendant National

18 Default Servicing Corporation ("NDSC") has joined Wells Fargo's motion. (Doc. #15). Plaintiff has

19 filed an opposition (doc. #20), to which Wells Fargo has replied (doc. #22).

20   Also before the court is Wells Fargo's motion to expunge lis pendens. (Doc. #17). Plaintiff

21 has filed an opposition (doc. #20), to which Wells Fargo has replied (doc. #23). Wells Fargo has also

22 filed a motion for decision, or in the alternative, hearing on Wells Fargo's motions to dismiss and

23 to expunge lis pendens. (Doc. #27).

24   The court finds dismissal appropriate because plaintiff has failed to state a claim for violation

25 of NRS § 107 and because the Nevada Deceptive Trade Practices Act is inapplicable to the case at

26 bar.

27 . . .

28

**James C. Mahan**
**U.S. District Judge**

I.   **Background**

The facts, as alleged in the complaint, establish that plaintiff is the sole owner of the property at 6587 Aldergate Lane, Las Vegas, Nevada 89110. (Doc #1, Ex. R). On, or about, September 1, 2004, plaintiff executed a promissory note in favor of BNC Mortgage, Inc., in the principal amount of $318,750.00 in connection with the subject property. *Id.* Plaintiff also executed a deed of trust in connection with the loan at this time, naming Wells Fargo Home Mortgage as the party to contact in the event plaintiff seeks to "determine if reinstatement is possible and the amount, if any, to cure the default[.]" (Doc. #1, Ex. R at 3:11-13).

Plaintiff further alleges that, on December 7, 2010, defendant NDSC recorded notice of default and election to sell under deed of trust. *Id.* On August 4, 2011, a notice of sale was recorded. *Id.* The property sold at a nonjudicial foreclosure sale on January 27, 2012, to defendant The Prem Deferred Trust. (Doc. #13).

Plaintiff's complaint alleges two causes of action, including: (1) deceptive trade practices pursuant to NRS § 598 and (2) violations of NRS § 107. (Doc. #1, Ex. R).

II.   **Discussion**

*Legal Standard*

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal citation omitted).

**James C. Mahan**
**U.S. District Judge**

- 2 -

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

*Analysis*

1. <u>Deceptive Business Practices and Violation of §§ 598 *et. seq.*</u>

Plaintiff first claims that Wells Fargo's deceptive conduct beached the obligations under NRS §§ 598, *et. seq.*, including, but not limited to: NRS § 598.0915(5), NRS § 598.0915(15), and NRS § 598.092(8). (Doc. #1, Ex. R). Plaintiff alleges that defendants engaged in deceptive acts by preparing and executing false and ineffectual mortgage documents in which defendants' employees misrepresented that they had signed said documents in the presence of a notary public under oath when they had not done so. *Id.* Plaintiff further alleges that defendants engaged in deceptive practices by causing the notice of default to be recorded when defendants were not authorized to do so by the note holder, as that term is defined in the note. *Id.* Finally, plaintiff alleges that defendants engaged in deceptive practices by executing mortgage documents which falsely represented that the deed of trust and note were assigned to the trust in July 22, 2010. *Id.*

Nevada Revised Statutes § 598.0915 and § 598.092 deal with goods and services, not real estate. *See* NRS § 598.0915(1)-(15) (2011) (describing deceptive trade practices dealing with goods or services); *see also* NRS § 598.092(8) (2011) (describing deceptive trade practices dealing with

James C. Mahan
U.S. District Judge

- 3 -

1  goods or services); *Reyna v. Wells Fargo Bank, N.A.*, No. 2:10-cv-01730-KJD-RJJ, 2011 WL
2  2690087, at *9 (D. Nev. July 11, 2011) (finding that NRS § 598 only applies to goods and services
3  and not real estate transactions); *Alexander v. Aurora Loan Service*, No. 2:09-cv-1790-KJD-LRL,
4  2010 WL 2773796, at *2 (D. Nev. July 8, 2012) (finding that NRS § 598 does not provide relief for
5  claims that deal with real estate transactions because NRS § 598 is for the sale of goods and
6  services); *Parker v. Greenpoint Mortgage Funding,* No. 3:11-cv-00039-ECR-RAM, 2011 WL
7  2923949, at *6 (D. Nev. July 15, 2011) (finding that NRS § 598 does not cover a mortgage
8  foreclosure because this activity does not constitute conducting business in the state).

9      Here plaintiff alleges deceptive trade practices in connection with mortgage documents,
10  which do not involve the sale or lease of goods and services. Therefore, the above statutes do not
11  apply to the present case. Accordingly, the court dismisses plaintiff's deceptive trade practices
12  claims.

13                  2.        <u>Violation of NRS Chapter 107</u>

14      Plaintiff's second cause of action alleges violations of NRS § 107. *Id.* "Plaintiff disputes the
15  deficiency in performance stated in the notice of default." *Id.* at 5:5. Plaintiff alleges that the
16  assignment recorded on July 22, 2010, was false. *Id.* Plaintiff alleges that defendants had no authority
17  to conduct a foreclosure sale because the trustee was not acting on behalf of the holder of the note
18  or the holder's transferee. *Id.* Plaintiff thereby concludes that the notice of trustee's sale was recorded
19  without authority. *Id.* Plaintiff asserts that he is entitled to a declaration that the foreclosure sale is
20  void. *Id.*

21      A lender is allowed to make MERS a nominee under the deeds of trust securing a promissory
22  note. *Roberts v. McCarthy*, 2011 WL 1363811, at *4 (D. Nev. Apr. 11, 2011). Acting as the
23  nominee, MERS is able to substitute a trustee. *Id.* Pursuant to NRS 107.028(4), "[a] beneficiary of
24  recording may replace its trustee with another trustee. The appointment of a new trustee is not
25  effective until the substitution of trustee is recorded in the office of the recorder of the county in
26  which the real property is located."

27  . . .

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

Furthermore, under NRS § 107.080(1), "Except as otherwise provided in NRS 106.210, 107.085 and 107.086, if any transfer in trust of any estate in real property is made after March 29, 1927, to secure the performance of an obligation or the payment of any debt, a power of sale is hereby conferred upon the trustee to be exercised after a breach of the obligation for which the transfer is security." Additionally, a trustee is not required to produce a copy of the promissory note it seeks to enforce prior to foreclosure. *Roberts*, 2011 WL 1363811, at *4.

On or about September 1, 2004, plaintiff executed a promissory note in favor of BNC Mortgage. (Doc. #1, Ex. R). MERS was the original beneficiary under the deed of trust. (Doc. #14, Ex. 1). MERS recorded a substitution of trustee on May 6, 2009, making NDSC the new trustee. (Doc. #14, Ex. 4). This document was properly recorded with the county recorder's office. *Id.* Pursuant to NRS § 107.028(4), the status of trustee becomes effective once the substitution agreement is recorded, which occurred on May 6, 2009. *Id.*

On December 7, 2010, NDSC recorded a notice of default in connection with plaintiff's loan. (Doc. #1, Ex. R). NDSC was the substitute trustee and, therefore, had authority to secure performance of the obligation or the payment of any debt through the power of sale. (Doc. #14, Ex. 4); NRS § 107.028. Plaintiff "disputes the deficiency in performance stated in the notice of default" but does not deny that he is in default. (Doc. #1, Ex. R). As the trustee, NDSC was authorized to institute foreclosure proceedings. (Doc. #8).

Defendant NDSC had the authority to collect a debt as a trustee. Therefore, plaintiff's chapter 107 claims are dismissed.

3. <u>Expunge Lis Pendens</u>

Pursuant to NRS § 14.015(3), the party who records a notice of pendency "must establish to the satisfaction of the court . . . [t]hat the party . . . is likely to prevail in the action."

Here, plaintiff has not demonstrated that he is likely to prevail. The court has dismissed all claims in the complaint for failure to state a claim upon which relief can be granted. Accordingly, the court grants Wells Fargo's motion to expunge lis pendens.

**James C. Mahan**
**U.S. District Judge**

- 5 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Wells Fargo's motion to dismiss (doc. #13) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant's motion to expunge lis pendens (doc. #17) be, and the same hereby is, GRANTED.

DATED July 6, 2012.

_____
**UNITED STATES DISTRICT JUDGE**