1   WRIGHT, FINLAY & ZAK, LLP
    Robin Prema Wright, Esq.
2   Nevada Bar No. 009296
    Donna M. Osborn, Esq.
3   Nevada Bar No. 006527
    5532 South Fort Apache Road, Suite 110
4   Las Vegas, NV 89148
    (702) 475-7964; Fax: (702) 946-1345
5   dosborn@wrightlegal.net
6   *Attorneys for Defendant,*
7   *Wells Fargo Bank, N.A. d/b/a America's Servicing Company*

8                    **UNITED STATES DISTRICT COURT**
                          **DISTRICT OF NEVADA**
9

10  FLOODY P. RIVERA,                    Case No.:  2:12-cv-00629-JCM-RJJ

11              Plaintiff,

12       vs.

13                                       **ORDER GRANTING WELLS FARGO**
                                         **d/b/a AMERICA'S SERVICING**
14                                       **COMPANY'S MOTION TO EXPUNGE**
    NATIONAL DEFAULT SERVICING           **LIS PENDENS (DKT # 17)**
15  CORPORATION; THE PREM DEFERRED
    TRUST; WELLS FARGO d/b/a AMERICA'S
16  SERVICING COMPANY, A Division of
    WELLS FARGO BANK, N.A.; DOES I
17  through X; and ROE CORPORATIONS XI
    through XX,
18

19              Defendants.

20

21

22

23

24

25

26

27

28

1    Defendant, Wells Fargo Bank, N.A. d/b/a America's Servicing Company (hereinafter
2    "Wells Fargo"), by and through their attorneys of record, ROBIN PREMA WRIGHT, ESQ. and
3    DONNA M. OSBORN, ESQ. of the law firm of WRIGHT, FINLAY & ZAK, LLP move to
4    Expunge the Lis Pendens (and Notice of Lis Pendens) in this matter as the Complaint on which it
5    is based was dismissed, and Defendants' Motion to Expunge Lis Pendens was granted pursuant
6    to the Order filed July 6, 2011 (Docket No. 27) attached hereto as Exhibit A, the Court being
7    fully advised in the premises, and good cause appearing therefore,

8    IT IS HEREBY ORDERED, ADJUDGED AND DECREED the Notice of Pendency of
9    Action or Lis Pendens recorded by the Plaintiff on IT IS FURTHER ORDERED, ADJUDGED
10   AND DECREED that any Pendency of Action or Lis Pendens recorded on  January 26, 2012 as
11   201201260003508   by the Plaintiff   and   a Lis Pendens recorded on February 15, 2012 a
12   201202150002053 s in the Official Records of Clark County Nevada in association with this
13   action on the subject property at 6587 Aldergate Lane, Las Vegas, Nevada 89110, APN # 140-
14   27-815-007; more particularly described as follows:

15   LOT FIVE HUNDRED SEVENTY FIVE (575) IN BLOCK V OF HOLLYWOOD
16   HIGHLANDS EAST NO. 8, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 99 OF
17   PLATES, PAGE 15 IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY,
18   NEVADA;

19   is hereby cancelled, and this cancellation shall have the effect of an expungement of it
20   pursuant to NRS 14.015 and it shall have from this day forward have no force or effect.

21   ///
22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

1    IT IS FURTHER ORDERED, ADJUDGED AND DECREED that pursuant to NRS

2 14.015(5), the Plaintiff shall record a copy of this Order (or other appropriate notice) cancelling

3 the Notice of Pendency of Action or Lis Pendens with the Washoe County Recorder's Office

4 within five business days of its entry, and if there is a failure to do so, any party may record a

5 copy of this Order.

6

7    IT IS SO ORDERED.

8 DATED this 10th day of July, 2012.

9                                    _Laius C. Mahan_

10                        UNITED STATES DISTRICT COURT JUDGE

11 RESPECTFULLY SUBMITTED BY:

12 WRIGHT, FINLAY & ZAK, LLP

13 Donna M. Osborn, Esq.

14 Nevada Bar No. 006527
   5532 South Fort Apache Road, Suite 110
15 Las Vegas, NV 89148
   *Attorney for Defendant,*
16 *Wells Fargo Bank, N.A. d/b/a America's Servicing Company*

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

# EXHIBIT A

# EXHIBIT A

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

FLOODY P. RIVERA,

              Plaintiff,

v.

NATIONAL DEFAULT SERVICING
CORPORATION, et al.,

              Defendants.

2:12-CV-629 JCM (RJJ)

## ORDER

      Presently before the court is defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. #13). Defendant National Default Servicing Corporation ("NDSC") has joined Wells Fargo's motion. (Doc. #15). Plaintiff has filed an opposition (doc. #20), to which Wells Fargo has replied (doc. #22).

      Also before the court is Wells Fargo's motion to expunge lis pendens. (Doc. #17). Plaintiff has filed an opposition (doc. #20), to which Wells Fargo has replied (doc. #23). Wells Fargo has also filed a motion for decision, or in the alternative, hearing on Wells Fargo's motions to dismiss and to expunge lis pendens. (Doc. #27).

      The court finds dismissal appropriate because plaintiff has failed to state a claim for violation of NRS § 107 and because the Nevada Deceptive Trade Practices Act is inapplicable to the case at bar.

. . .

James C. Mahan
U.S. District Judge

1  **I.      Background**

2          The facts, as alleged in the complaint, establish that plaintiff is the sole owner of the property

3  at 6587 Aldergate Lane, Las Vegas, Nevada 89110. (Doc #1, Ex. R). On, or about, September 1,

4  2004, plaintiff executed a promissory note in favor of BNC Mortgage, Inc., in the principal amount

5  of $318,750.00 in connection with the subject property. *Id.* Plaintiff also executed a deed of trust in

6  connection with the loan at this time, naming Wells Fargo Home Mortgage as the party to contact

7  in the event plaintiff seeks to "determine if reinstatement is possible and the amount, if any, to cure

8  the default[.]" (Doc. #1, Ex. R at 3:11-13).

9          Plaintiff further alleges that, on December 7, 2010, defendant NDSC recorded notice of

10  default and election to sell under deed of trust. *Id.* On August 4, 2011, a notice of sale was recorded.

11  *Id.* The property sold at a nonjudicial foreclosure sale on January 27, 2012, to defendant The Prem

12  Deferred Trust. (Doc. #13).

13          Plaintiff's complaint alleges two causes of action, including: (1) deceptive trade practices

14  pursuant to NRS § 598 and (2) violations of NRS § 107. (Doc. #1, Ex. R).

15  **II.     Discussion**

16          *Legal Standard*

17          A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can

18  be granted." FED. R. CIV. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain

19  statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell*

20  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual

21  allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements

22  of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478

23  U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level."

24  *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient

25  factual matter to "state a claim to relief that is plausible on its face."  *Iqbal*, 129 S.Ct. at 1949

26  (internal citation omitted).

27

28

James C. Mahan
U.S. District Judge

- 2 -

1    In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when

2    considering motions to dismiss. First, the court must accept as true all well-pled factual allegations

3    in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 1950.

4    Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not

5    suffice. *Id.* at 1949. Second, the court must consider whether the factual allegations in the complaint

6    allege a plausible claim for relief.  *Id.* at 1950.  A claim is facially plausible when the plaintiff's

7    complaint alleges facts that allows the court to draw a reasonable inference that the defendant is

8    liable for the alleged misconduct.  *Id.* at 1949.  Where the complaint does not permit the court to

9    infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that

10   the pleader is entitled to relief." *Id.* (internal quotations omitted).  When the claims in a complaint

11   have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed.

12   *Twombly*, 550 U.S. at 570.

13       *Analysis*

14          1.    Deceptive Business Practices and Violation of §§ 598 *et. seq.*

15       Plaintiff first claims that Wells Fargo's deceptive conduct beached the obligations under NRS

16   §§ 598, *et. seq.*, including, but not limited to: NRS § 598.0915(5), NRS § 598.0915(15), and NRS

17   § 598.092(8). (Doc. #1, Ex. R). Plaintiff alleges that defendants engaged in deceptive acts by

18   preparing and executing false and ineffectual mortgage documents in which defendants' employees

19   misrepresented that they had signed said documents in the presence of a notary public under oath

20   when they had not done so. *Id.* Plaintiff further alleges that defendants engaged in deceptive practices

21   by causing the notice of default to be recorded when defendants were not authorized to do so by the

22   note holder, as that term is defined in the note. *Id.* Finally, plaintiff alleges that defendants engaged

23   in deceptive practices by executing mortgage documents which falsely represented that the deed of

24   trust and note were assigned to the trust in July 22, 2010. *Id.*

25       Nevada Revised Statutes § 598.0915 and § 598.092 deal with goods and services, not real

26   estate. *See* NRS § 598.0915(1)-(15) (2011) (describing deceptive trade practices dealing with goods

27   or services); *see also* NRS § 598.092(8) (2011) (describing deceptive trade practices dealing with

28

James C. Mahan
U.S. District Judge

- 3 -

1  goods or services); *Reyna v. Wells Fargo Bank, N.A.*, No. 2:10-cv-01730-KJD-RJJ, 2011 WL

2  2690087, at *9 (D. Nev. July 11, 2011) (finding that NRS § 598 only applies to goods and services

3  and not real estate transactions); *Alexander v. Aurora Loan Service*, No. 2:09-cv-1790-KJD-LRL,

4  2010 WL 2773796, at *2 (D. Nev. July 8, 2012) (finding that NRS § 598 does not provide relief for

5  claims that deal with real estate transactions because NRS § 598 is for the sale of goods and

6  services); *Parker v. Greenpoint Mortgage Funding,* No. 3:11-cv-00039-ECR-RAM, 2011 WL

7  2923949, at *6 (D. Nev. July 15, 2011) (finding that NRS § 598 does not cover a mortgage

8  foreclosure because this activity does not constitute conducting business in the state).

9        Here plaintiff alleges deceptive trade practices in connection with mortgage documents,

10  which do not involve the sale or lease of goods and services. Therefore, the above statutes do not

11  apply to the present case. Accordingly, the court dismisses plaintiff's deceptive trade practices

12  claims.

13                    2.     Violation of NRS Chapter 107

14        Plaintiff's second cause of action alleges violations of NRS § 107. *Id.* "Plaintiff disputes the

15  deficiency in performance stated in the notice of default." *Id.* at 5:5. Plaintiff alleges that the

16  assignment recorded on July 22, 2010, was false. *Id.* Plaintiff alleges that defendants had no authority

17  to conduct a foreclosure sale because the trustee was not acting on behalf of the holder of the note

18  or the holder's transferee. *Id.* Plaintiff thereby concludes that the notice of trustee's sale was recorded

19  without authority. *Id.* Plaintiff asserts that he is entitled to a declaration that the foreclosure sale is

20  void. *Id.*

21        A lender is allowed to make MERS a nominee under the deeds of trust securing a promissory

22  note. *Roberts v. McCarthy*, 2011 WL 1363811, at *4 (D. Nev. Apr. 11, 2011). Acting as the

23  nominee, MERS is able to substitute a trustee. *Id.* Pursuant to NRS 107.028(4), "[a] beneficiary of

24  recording may replace its trustee with another trustee. The appointment of a new trustee is not

25  effective until the substitution of trustee is recorded in the office of the recorder of the county in

26  which the real property is located."

27  . . .

28

James C. Mahan
U.S. District Judge

1    Furthermore, under NRS § 107.080(1), "Except as otherwise provided in NRS 106.210,

2    107.085 and 107.086, if any transfer in trust of any estate in real property is made after March 29,

3    1927, to secure the performance of an obligation or the payment of any debt, a power of sale is

4    hereby conferred upon the trustee to be exercised after a breach of the obligation for which the

5    transfer is security." Additionally, a trustee is not required to produce a copy of the promissory note

6    it seeks to enforce prior to foreclosure. *Roberts*, 2011 WL 1363811, at *4.

7    On or about September 1, 2004, plaintiff executed a promissory note in favor of BNC

8    Mortgage. (Doc. #1, Ex. R). MERS was the original beneficiary under the deed of trust. (Doc. #14,

9    Ex. 1). MERS recorded a substitution of trustee on May 6, 2009, making NDSC the new trustee.

10   (Doc. #14, Ex. 4). This document was properly recorded with the county recorder's office. *Id.*

11   Pursuant to NRS § 107.028(4), the status of trustee becomes effective once the substitution

12   agreement is recorded, which occurred on May 6, 2009. *Id.*

13   On December 7, 2010, NDSC recorded a notice of default in connection with plaintiff's loan.

14   (Doc. #1, Ex. R). NDSC was the substitute trustee and, therefore, had authority to secure

15   performance of the obligation or the payment of any debt through the power of sale. (Doc. #14, Ex.

16   4); NRS § 107.028. Plaintiff "disputes the deficiency in performance stated in the notice of default"

17   but does not deny that he is in default. (Doc. #1, Ex. R). As the trustee, NDSC was authorized to

18   institute foreclosure proceedings. (Doc. #8).

19   Defendant NDSC had the authority to collect a debt as a trustee. Therefore, plaintiff's chapter

20   107 claims are dismissed.

21

22   3.    Expunge Lis Pendens

23   Pursuant to NRS § 14.015(3), the party who records a notice of pendency "must establish to

24   the satisfaction of the court . . . [t]hat the party . . . is likely to prevail in the action."

25   Here, plaintiff has not demonstrated that he is likely to prevail. The court has dismissed all

26   claims in the complaint for failure to state a claim upon which relief can be granted. Accordingly,

27   the court grants Wells Fargo's motion to expunge lis pendens.

28

James C. Mahan
U.S. District Judge                                    - 5 -

1

Accordingly,

2

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Wells Fargo's motion to

3

dismiss (doc. #13) be, and the same hereby is, GRANTED.

4

IT IS FURTHER ORDERED that defendant's motion to expunge lis pendens (doc. #17) be,

5

and the same hereby is, GRANTED.

6

DATED July 6, 2012.

7

8

9

_____

10

UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

James C. Mahan
U.S. District Judge

- 6 -